Turley J.
delivered the opinion of the court.
The facts upon which petitioner’s right to a decree pends, were submitted to a jury in the court below, and were all found in her favor. The propriety of the finding has not been questioned, and it is unnecessary for us in relation thereto, to say more, than that there is nothing, which, in our estimation, tends to sully the purity of one, who seems *134 to bo esteemed and loved by all who know her, except her husband.
The decree, however, is sought to be impeached upon the ground, that more property has been given to the petitioner than is authorised by law, or is consistent with the rights of the defendant and his creditors. It is said, and no doubt truly, that all the property, remaining in the possession of the defendant, has been by this decree secured to the petitioner. But then the proof shows, most clearly, that it all belonged to her at the time of the marriage, and that it constituted but a small portion of the property, which the defendant received by her; the balance of which has been, by him, sold and appropriated.
By the provisions of the tenth section of the act of 1799, c 19, “it is made the duty of the court, on making up their decree, to decree to the wife divorced such part of the real and personal property as they shall think proper consistent with the nature of the case.” It is said, for the defendant, that this discretion on the part of the court, is not to be exercised capriciously, but in deference to the rules of practice, and that no case can be found, in the English authorities, where more than one half of the husband’s income has been allotted as alimony for a divorced wife. This is true, but it is to be observed, that in England, divorces a vinculo matrimonii are not’allowed by law, but for causes which vitiate the marriage in its inception and render it void ab initio; therefore all the questions as to what amount of alimony shall be allowed the wife, have arisen upon divorces a mensa et thoro, and the practice, in such cases, has been, not to decree to the wife absolutely a portion of the real and personal estate of the husband, but only to allot a certain portion of his income for her support, the payment of which may be secured by being charged upon his estate. The reason for this practice seems to be, that the bonds of matrimony have ■not been dissolved; that the parties are not intended to be restored as near as may be to the same situation they occupied' before the marriage; that the wife, not having it in her power to establish herself in life again by marriage, has no need for any thing more than a comfortable maintenance; and that *135 the law still looks to a reconciliation between the parties, which would be rendered almost impracticable, if the property were divided absolutely, each one taking his own. Yet it may be observed that, in the case of Smith vs. Smith, Arches court, M. T. 1813, and T. T. 1814, referred to in Poynter on Marriage and Divorce, 87, n. (l), Law Lib. Ed., the court says, “as it is a rule of equity, that no man shall take advantage of his own wrong, perhaps it would be just, that where the husband violates the matrimonial engagement, and the fortune originally belonged to the wife, he should give back the whole of it.” There seems to be much reason in this remark, a contrary practice, however, has prevailed in England, which, as applicable to divorces a mensa et thoro, we would have no disposition to unsettle.
But, in our opinion, a very different rule of practice ought to be applied to cases of divorce a vinculo matrimonii. There, the bonds of matrimony are dissolved; there, the parties are intended to be restored, as near as may be, to the same situation they occupied before the marriage; there, the wife has it in her power to establish herself again by marriage; and there, the law looks to no future reconciliation between the parties. Accordingly it has always been held, in England, that in cases of divorce, a vinculo matrimonii, the wife shall take all the property, which belonged to her, at the time of the marriage. But it is said, this was because the marriage was void ab initio, and the husband acquired no right to her property, by the marriage. This is true, and, therefore, there is no necessity of a decree of a court divesting his title; but this proves nothing more than the truth of the proposition, that the husband acquired no right by the marriage. It does not prove, nor tend to prove, that it would not have been equity and justice to have divested these rights, if he had acquired any. On the contrary, no one can doubt, that where the bonds of matrimony are dissolved, the parties ought to be placed, as near as may be, in the same situation they occupied before the marriage.
The act of 1799, c 19, enumerates, as causes for a divorce, a vinculo matrimonii, impotency, bigamy, adultery, and two years desertion. Here are causes, which vitiate the *136 marriage at common law, and statutory causes, for a divorce a vinculo, enumerated in the same section. Can it be, that the legislature, when they declared that all of them should alike constitute good grounds for a divorce aiinculo, intended a rule, as to the disposition of the property, to be applied in one case, which was not to be applied in another? When the bonds of matrimony are dissolved, no matter for what cause, there is just reason for restoring, at least, the injured party to the same situation, as near as nifty be, occupied by him or her, before the marriage. This, we think, the court has the ¡lower, in its discretion} to do, Under the provisions of the act of 1799, c 19.
But it is said, that, this act is repealed by the act of 1S35, c 26, which makes different provisions, and only authorises the court to allot alimony, in cases of divorce a vinculo, as in cases of divorce a mensa. By the twenty-third section of that act, it is provided, that it shall be in force from and after its passage, and that nothing therein contained, shall be so construed as, in any way or manner, to effect any suit, that may be already brought and undetermined, in any of the courts of this state, for a divorce either total or partial; but said suits shall remain and be proceeded in, heard and determined, by said courts, according to the laws in force at the time of bringing the same. This suit was pending before the passage of the act; but it is said, that the proviso is unconstitutional and void. We do not think so. It is, we apprehend, for the first time, contended, that the legislature has hot the power, when about to establish a new rule of action, to give to it an operation entirely prospective. We think, therefore, there is no law either written or unwritten which forbids this decree.
But 2. has any injury been done by the decree to the defendant? Surely not- Shall a man, who has violated his matrimonial vows, in every disgusting form, and, by harsh and unkind treatment, force his wife to seek protection in a recission of her nuptial contract, be heard, when he asks a support out of her estate? It is mockery, worse than mockery.
But it is said 3. that there are creditors, whose rights *137 ought to be protected, and that, for this purpose, an account ought to be taken. The rights of creditors stand in a very different light from those of the defendant, and the court would be disposed to protect them, so far as it could, but it does not see how this can be done by taking an account. The creditors are no parties to this suit, and, therefore, no action of the court can effect their rights, and it cannot possibly decree a satisfaction of their debts; and, to leave a portion of the property in the hands of the defendant, for that purpose, would be no security at all. The defendant has nó right or power to resist the decree, by constituting himself the guardian of his creditors.
But still this court will, so far as it can consistently, attend to their interest, and will, for that purpose, leave out of the decree, the lands of the defendant, because they, having been sold, there is nothing but an equity of redemption, of which he cannot deprive his creditors, and because we do not consider it necessary or prudent, to involve the petitioner in any controversy which may arise out of an offer, on her part, to redeem under the decree. And the tract of land of -one hundred acres, said to belong to the father of the defendant, will also be left out of the decree.
The decree of the court below, with the exception of this modification, will be, in all things, affirmed.